66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold J. BUYEA, Defendant-Appellant
 No. 95-30089.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 14, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harold Joseph Buyea appeals his conviction by conditional guilty plea to possession of an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d). Buyea contends the district court erred when it denied his motion to suppress the firearm seized from his pickup truck because the state trooper who stopped him lacked reasonable suspicion to believe that Buyea had violated state law. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. After accepting the district court's factual findings unless clearly erroneous and reviewing its conclusions of law de novo, United States v. Maria, 15 F.3d 879, 881 (9th Cir.1994), we affirm.
 
 
 3
 "[E]xcept in those situations in which there is at least articulable and reasonable suspicion ... that either the vehicle or an occupant is ... subject to seizure for violation of law, stopping an automobile and detaining the driver ... are unreasonable under the Fourth Amendment." Delaware v. Prouse, 440 U.S. 648, 663 (1979).
 
 
 4
 On March 5, 1994, Washington State Trooper Olsen observed a 1965 Dodge pickup traveling in the opposite direction. Although the pickup had its right turn signal on, it did not turn right but proceeded through the intersection. After a short delay, Olsen turned around and followed the pickup for approximately one-half mile. The pickup's right turn signal was still on and it failed to turn right at the next intersection. When the pickup showed no sign of turning right at the third intersection and its right turn signal remained on, Olsen turned on his flashers and pulled the driver over for improper use of his turn signal. When Buyea opened his door to speak to Olsen, Olsen noticed and immediately seized a sawed-off shotgun behind the front seat. Buyea was later charged with possession of an unregistered firearm and driving under the influence.
 
 
 5
 Because Olsen stopped Buyea for improper use of a turn signal and continuous use of a turn signal is not expressly prohibited by state law, Buyea insists that Olsen had no legal justification for the stop. We disagree.
 
 
 6
 Although Olsen stopped Buyea for improper use of a turn signal, the improper use of a turn signal may constitute negligent driving. Negligent driving is prohibited by Wash.Rev.Code section 46.61.525. Section 46.61.525 provides:
 
 
 7
 It shall be unlawful for any person to operate a motor vehicle in a negligent manner. For the purposes of this section to "operate in a negligent manner" shall be construed to mean the operation of a vehicle in such a manner as to endanger or be likely to endanger any persons or property....
 
 
 8
 Both State Trooper Olsen and Lieutenant Clark of the Washington State Patrol testified that continuous use of turn signals without turning constitutes negligent driving and can cause accidents and endanger lives and property. We are satisfied that section 46.61.525 provided legal justification for the stop.
 
 
 9
 The district court ruled, and we agree, that Buyea presented no evidence that Olsen stopped Buyea for any reason other than the improper use of a turn signal. Both Olsen and Clark testified that they have stopped drivers who leave their turn signals on for some distance without turning. Although both testified that they have never cited the driver for negligent driving but only given warnings, this testimony does not alter our conclusion that a reasonable officer would stop a driver to warn him of the hazards of driving with a continuous turn signal. Consequently, whether this stop is viewed objectively or subjectively, there is no evidence that Olsen's stop was pretextual. See United States v. Millan, 36 F.3d 886, 888-90 (9th Cir.1994); United States v. Cannon, 29 F.3d 472, 475-76 (9th Cir.1994). Accordingly, the district court properly denied the motion to suppress.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3